UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GERALD RILEY<br>856 Nebraska Avenue<br>Toledo, Ohio<br>    Plaintiff<br><br>vs.<br><br>LIBERTY INSURANCE<br>CORPORATION<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>    Defendant | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

## GENERAL ALLEGATIONS

1. Plaintiff Gerald Riley ("Plaintiff") owned and resided at a house located at 856 Nebraska Avenue, Toledo, Ohio ("Subject Property").

2. Defendant Liberty Insurance Corporation ("Liberty") insured Plaintiff under policy number H3728109837770 effective on the date of loss, 11/18/2016. The policy is attached hereto as Exhibit 1.

3. Based on those insurance limits Liberty charged Mr. Riley a premium which he paid.

4. On the evening of November 18, 2016 Subject Property was destroyed by fire.

5. Mr. Riley, a truck driver, was on an assignment. No one suspects his involvement in the fire.

6. Plaintiff promptly reported the fire to Liberty, which commenced its own investigation into the cause and origin of the fire.

7. Ultimately the cause of the fire was undetermined and unknown.

8. Plaintiff fully cooperated with the claim investigation. Plaintiff appeared for examinations under oath and provided recorded statements.

9. Liberty denied the claim in May of 2017, based on their belief Mr. Riley did not reside at the property during the time frame when the fire occurred. See Exhibit 2.

## COUNT ONE
### Breach of Contract – Liberty

10. Plaintiff restates the above allegations.

11. Plaintiff had a contract with Liberty on the day the loss occurred.

12. At all times, Plaintiff fulfilled his duties under the contract.

13. Liberty breached the insurance contract by failing to pay Plaintiff the amount due under the insurance policy.

14. As a direct and proximate result of Liberty's breach of the insurance contract, Plaintiff has been denied the policy benefits due under the contract. As a further direct and proximate result of Liberty's breach of the insurance contract, Plaintiff has suffered other reasonably contemplated damages.

## COUNT TWO
### Lack of Good Faith

15. Plaintiff restates the above allegations.

16. In adjusting Plaintiff's claim, Liberty, through its agents, attorneys, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith by:

    a. Placed its own interests ahead of the interests of its insureds;

    b. Failed to comply with the requirements of OAC 3901-1-54, Unfair Property/Casualty Claims Settlement Practices;

    c. Failed to seek a legal opinion as to whether the denial was proper; and

      d. Failed to comply with Liberty's own claim investigation standards and guidelines.

17. Liberty, through its agents, attorneys, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay Mr. Riley's claim and delaying such payments. Among other actions:

      a. Unreasonably concluded that Mr. Riley did not reside at the Subject Property; and

      b. Unreasonably concluded that a statement by a parole officer was truthful even in the face of sworn testimony to the contrary.

18. The actions and omissions of Liberty demonstrate malice, aggravated or egregious fraud, oppression, or insult and Liberty, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

19. As a direct and proximate result of Liberty's lack of good faith, Mr. Riley suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

20. The Plaintiff prays for judgment on this count in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in property damage, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Liberty in an amount in excess of $25,000 the exact amount to be determined by the trier of fact. Plaintiff also prays for interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*/s/ Robert A. Rutter*
Robert A. Rutter (0081503
RUTTER & RUSSIN, LLC
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Ohio 44131
(216) 642-1425
bobbyrutter@OhioInsuranceLawyer.com

**JURY DEMAND**

Plaintiff hereby requests, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

*/s/ Robert A. Rutter*
ROBERT A. RUTTER